IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| ALI ADEL MOTALEB AWEID AL KHAIY, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 05-1239 (RJL) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

## STATUS REPORT

Pursuant to this Court's Order of July 15, 2008, undersigned counsel for the respondents states the following status of this case:

1) <u>Petitioner.</u>  The petition for a writ of habeas corpus initiating this case was filed on June 22, 2005, and amended on December 12, 2005.

a) Petitioner was determined by a CSRT to be an enemy combatant, and he is detained at Guantanamo Bay. He has been approved for release or transfer from United States custody once a destination country offering suitable assurances is identified. For reasons of which this Court is aware, *see, e.g.*, *Mammar v. Bush*, Civ. A. No. 05-0573, dkt. no. 7 (May 3, 2005) (order denying petitoner's motion for preliminary injunction); *see also In re Guantanamo Bay Detainee Litigation*, Misc. No. 05-442, dkt. no. 40 (July 9, 2008) (opposition to motion for advanced notice of transfer from Guantanamo Bay in light of *Boumediene*), providing further specific information about the circumstances and timing of any potential release or transfer

would not be appropriate because those matters are the subject of delicate and ongoing negotiations between the United States and foreign governments.

      b) Petitioner has not been charged with war crimes under the Military Commission Act of 2006.

   2) <u>History Surrounding Detention.</u> Without prejudice to respondents' submission of appropriate factual returns as discussed in ¶ 6 *infra*, respondents provide the following facts collected by the Department of Defense surrounding petitioner's detention. Petitioner, ISN 111, is a member of the Taliban who trained at a military training camp. Petitioner fought in Afghanistan against the United States and its allies.

   3) <u>Type of Petition.</u> Petitioner in this case initially filed a pro se petition, but is currently represented by counsel. The protective order was entered on October 21, 2005, so counsel has had the opportunity to visit the petitioner and receive direct authorization to pursue the action. Because such authorization has not been filed, however, it is unknown whether petitioner consents to this matter proceeding. Petitioner's counsel should be required to demonstrate direct authorization from petitioner before merits-related matters are scheduled in this case.

   4) <u>Protective Order.</u> The protective order —that is, (1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004); (2) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13,

2004—was entered in this case. The respondents do not anticipate seeking changes to the order, except for those proposed by the Court Security Officers, for example to modify the filing procedures and authorize electronic filing. In the event that the petitioners seek to modify the order, however, the respondents reserve their right also to propose modifications.

     5)    <u>CSRT Records.</u>  Petitioner has been determined to be an enemy combatant by a CSRT.  Summaries of the unclassified evidence before the CSRT justifying petitioner's detention is available to counsel and the public at http://www.dod.mil/pubs/foi/detainees/csrt_arb/index.html.  Affected government agencies are reviewing the CSRT records pertaining to petitioner for information that may not properly be disclosed to petitioner's counsel, as the respondents described during the July 10, 2008 status conference, before it is released to the petitioner's counsel.  Thus, although the petitioner is represented by counsel cleared at least to the Secret level, the CSRT record may not be produced to counsel before the scheduled July 23, 2008 status conference.  If it has not been produced, the respondents will provide to the Court a status of the redaction process during the scheduled conference.   However, Respondents should not be required at this time to provide to counsel redacted classified CSRT records pertaining to petitioner because he has been cleared for release or transfer; rather, this case should proceed on a separate litigation track.

     6)    <u>Factual Return.</u>  A factual return has not been filed with respect to petitioner in this case. Respondents should not be required at this time to provide a factual return pertaining to petitioner as he has been cleared for release or transfer; rather, this case should proceed on a separate litigation track.  The respondents will offer to the Court at the July 23, 2008 status conference an estimate of when it would expect to file the return.

At the July 10, 2008 status conference, counsel for petitioners in this and related habeas corpus cases indicated that they intend to argue that the factual return submitted in these cases should consist only of the complete CSRT record. There is no basis in the law for restricting or otherwise limiting the material that the government may put forward as a factual return. *See, e.g.*, 28 U.S.C. § 2243 (stating only that the respondent "shall make a return certifying the true cause of the detention"). The petitioners' contrary argument would have this Court prohibit the government from presenting factual returns containing contemporaneous or subsequently-discovered information that was not presented to the CSRT, absent the government's showing of cause. That argument would also require respondents to include in their factual return material on which respondents might determine not to rely in arguing that a given petitioner is an enemy combatant. To the extent that this Court is considering such a position, the issue is a common one that should be briefed and argued as discussed below.[1]

7)   Common Issues. Certain issues are common to all of the petitions related to Guantanamo Bay detainees pending before this Court. The resolution of such issues is crucial because it will establish the framework under which the parties and the Court address this unprecedented situation. The respondents urge this Court to order briefing and oral argument on those matters. In addition to petitioner's anticipated argument regarding the filing of factual

---

[1] Suffice to say for this report, however, that the proposition that a factual return should be limited to the CSRT record is faulty in several ways. For example, the proposition not only requires this Court to adopt an extreme view of the limitations that habeas courts may place on actions constitutionally committed to the Executive, the exclusion of subsequently-gained information would presumably apply to newly obtained evidence that undercuts the government's justification for detention as well as information supporting the detention, else it fails as a matter of logic. Such a course would hardly benefit the petitioner.

returns discussed above, the respondents offer the following non-exhaustive list of common questions that would benefit from early decision:

    a) *How are the habeas proceedings to be structured, including the presentation of the return and the filing and composition of the petitioners' traverse, if any?*

    b) *What is the legal authority for detention in these cases?*

    c) *What is the burden of proof for establishing that detention is lawful? Which party bears the burden at different stages of the proceeding?*

    d) *May the parties introduce and rely on hearsay evidence?*

    e) *What is the standard for obtaining an evidentiary hearing, if any?*

    f) *What is the availability of confrontation and compulsion rights, if any?*

    g) *Does the Court have jurisdiction to consider collateral claims apart from the core habeas corpus right to seek release, such as challenges to conditions of confinement or transfer?*

    h) *Will the Court structure motions practice, especially related to collateral issues, in a manner that will help resolve these cases in an expeditious fashion?*

    i) *How should consideration of these petitioners' challenges be sequenced, within this case and within the overall Guantanamo Bay habeas litigation pending before this Court? Should priority be given to petitioners who have not been cleared for release or transfer from Guantanamo Bay? Should the habeas case for a detainee pending trial by military commission be stayed or held in abeyance?*

    8) <u>Procedural Posture.</u>  This case was stayed on October 21, 2005 pending related appeals and, ultimately, the Supreme Court's consideration of *Boumediene v. Bush*, ___U.S.___,

128 S. Ct. 2229 (June 12, 2008). Given the decision in *Boumediene*, the respondents do not object to this Court lifting the stay. On April 19, 2007, respondents moved to dismiss this case for want of jurisdiction under the MCA, and that motion remains pending. However, *Boumediene* renders moot respondents' argument for seeking dismissal, and the respondents withdraw that motion. The respondents are not aware of any other pending motions that are ripe for decision.

Dated: July 18, 2008                                 Respectfully submitted,


                                                     GREGORY G. KATSAS
                                                     Assistant Attorney General

                                                     JOHN C. O'QUINN
                                                     Deputy Assistant Attorney General



                                                       /s/ James J. Schwartz
                                                     JOSEPH H. HUNT (D.C. Bar No. 431134)
                                                     VINCENT M. GARVEY (D.C. Bar No. 127191)
                                                     JUDRY L. SUBAR
                                                     TERRY M. HENRY
                                                     ANDREW I. WARDEN
                                                     JAMES J. SCHWARTZ (D.C. Bar No. 468625)
                                                     Attorneys
                                                     United States Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     20 Massachusetts Avenue N.W.
                                                     Washington, DC  20530
                                                     Tel:  (202) 616-8267
                                                     Fax:  (202) 616-8470

                                                     Attorneys for Respondents